UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                              :        Chapter 7
                                                   :
LIC VEGAN LLC,                                     :        Case No. 23-11751-jlg
                                                   :
                        Debtor.                    :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF GERON
LEGAL ADVISORS LLC AS GENERAL COUNSEL TO THE
TRUSTEE  EFFECTIVE AS OF NOVEMBER 2, 2023**

Upon the application, dated November 7, 2023 (the "Application"), of Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of LIC Vegan LLC (the "Debtor"), the above-captioned debtor, for an order, pursuant to 11 U.S.C. § 327(a), authorizing the retention of Geron Legal Advisors LLC ("GLA") as the Trustee's general counsel herein effective as of November 2, 2023; and upon the declaration of Yann Geron, Esq. in support thereof (the "Geron Declaration"); and it appearing that GLA represents no interest adverse to the Trustee, the Debtor, its estate or creditors with respect to the matters for which GLA is to be engaged, that GLA is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and it appearing that good and sufficient notice of the presentment of this Order has been provided; and no objections or responses having been filed or received; and for good and sufficient cause, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Trustee be and he hereby is authorized and empowered to

employ and retain GLA as his general counsel herein, effective as of November 2, 2023, on the terms and conditions set forth in the Application and the Geron Declaration; and it is further

**ORDERED,** that GLA is authorized to perform the following tasks, among others, on behalf of the Trustee:

    (a)    to liquidate property of the Debtor's estate, if appropriate;

    (b)    to generally assist, advise, and represent the Trustee in his administration of the Debtor's estate;

    (c)    to assist and advise the Trustee in his examination and analysis of the conduct of the Debtor's affairs;

    (d)    to review and analyze all potential estate claims, including, but not limited to, all potential avoidance claims;

    (e)    to take all necessary actions to protect and preserve the interests of the Trustee, including, without limitation, the commencement and prosecution of actions deemed necessary by the Trustee, negotiations concerning all litigation in which the Trustee or Debtor's estate is involved, and review and analysis of all claims filed against the Debtor's estate;

    (f)    to generally prepare on behalf of the Trustee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by him;

    (g)    to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters may be heard and to protect the interests of the Trustee and the Debtor's estate before said Courts; and

    (h)    to perform such other tasks as requested by the Trustee in performance of his duties with respect to the Debtor's estate.

**ORDERED**, that all compensation and reimbursement of expenses to be paid to GLA shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules, and any applicable orders of the Court including the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447); and it is further

**ORDERED**, that prior to any increases in GLA's rates for any individual retained by GLA and providing services in this case, GLA shall file a supplemental affidavit with the Court and provide ten business days' notice to the Trustee and the United States Trustee, provided however, that the terms "increases in GLA's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by GLA in the ordinary course to attorneys and para professionals throughout the firm due to advancing seniority and promotion. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that, notwithstanding any of the other provisions of the Application, the Geron Declaration or this Order, the United States Trustee, this Court and other parties in interest retain all rights to respond and/or object to GLA's requests for compensation and reimbursement of expenses pursuant to the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and it is further

**ORDERED,** that in the event of a discrepancy between the terms of this Order, the Application or the Geron Declaration, the terms of this Order shall prevail; and is it further

*[Continued on next page]*

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Geron Declaration, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to GLA's retention and the implementation of this Order.

Dated: New York, New York
December 11, 2023

/s/ *James L. Garrity, Jr*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

**NO OBJECTION:**
New York, New York
November 7, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: *s/ Annie Wells*
Annie Wells, Trial Attorney